# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KAREN CAHAIL,                              )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )    Case No. 25-1152-JWB-GEB
                                           )
FRANK BISIGNANO COMMISSIONER OF            )
SOCIAL SECURITY ADMINISTRATION,            )
UNKNOWN AGENTS OF SOCIAL                    )
SECURITY ADMINISTRATION,                   )
(FNU) KEYES, DAVID PAGE,                    )
KATE E. BRUBACHER,                          )
and BRIAN VANORSBY,                         )
                                           )
            Defendants.                     )
_____)

## **ORDER**

This matter is before the Court on Plaintiff Karen Cahail's Motion for Leave to Proceed in Forma Pauperis ("Motion") (ECF No. 3, *sealed*). For the reasons outlined below, Plaintiff's Motion **(ECF No. 3, *sealed*)** is **GRANTED.**

Under 28 U.S.C. §1915(a), the Court has discretion to authorize filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof."[1] "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right-fundamental or otherwise.'"[2] However,

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499-KHV, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. 1999); *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983); and *Buggs v. Riverside Hosp.*, No. 97-1088-WEB, 1997 WL 321289, at *1 (D. Kan. Apr. 9, 1997)).

[2] *Barnett*, at *1 (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998), *cert. denied*, 526 U.S. 1008 (1999)).

there is a "liberal policy" toward permitting proceedings *in forma pauperis* "when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay."[3] When determining whether a party is eligible to file without prepayment of the fee, the court reviews a party's financial affidavit and compares his monthly expenses with the monthly income disclosed therein.[4] After careful review of Plaintiff's Financial Affidavit[5] and comparing Plaintiff's listed monthly income and expenses, the Court finds she is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Proceed in Forma Pauperis **(ECF No. 3, *sealed*)** is **GRANTED**. Although service of process would normally be undertaken by the clerk of court pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), the clerk is directed to stay service of process pending the District Court's review of the forthcoming Report and Recommendation of Dismissal.[6]

**IT IS SO ORDERED.**

Dated this 30th day of April 2026.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[3] *Alexander v. Wichita Hous. Auth.,* No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Yellen v. Cooper,* 82 F.2d 1471 (10th Cir.1987)).
[4] *Id.* (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL, 2002 WL 1162684, at *1 (D. Kan. April. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229-JWL, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).
[5] ECF No. 3-1, *sealed*.
[6] *See Webb. v. Vratil,* No. 12-2588-EFM, ECF No. 7 (D. Kan. Sept. 28, 2012) (withholding service of process pending review under 28 U.S.C. § 1915(e) and jurisdictional review).