IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAREN CAHAIL,

      Plaintiff,

v.                                                                    Case No. 25-1152-JWB

FRANK BISIGNANO, *Commissioner of
the Social Security Administration et al.*,

      Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's objections to the magistrate judge's report and recommendation ("R&R") that recommends dismissal of Plaintiff's complaint and Plaintiff's motion for leave to amend the same.  (Docs. 8, 9, 10.)[1]  For the reasons stated herein, Plaintiff's objections are OVERRULED, Plaintiff's request to amend is DENIED, and Plaintiff's request for stay is DENIED AS MOOT.

## I.    Facts

The following facts are taken from the complaint.  (Doc. 1.)  Karen Cahail ("Plaintiff") seeks redress for what, as best the court can tell, she alleges was the wrongful garnishment of overpayments charged against her Social Security benefits.  According to her complaint, the garnishment began in April 2018 and continued through February 2021, forcing her to take out loans and causing emotional distress.  Plaintiff names as Defendants the Commissioner of the Social Security Administration ("SSA"), Frank Bisignano, seven individuals listed only as "unknown agents" and "district managers" of the SSA, and four other named individuals: Mr.

---

[1] The court notes that the objections lodged and her reasons for seeking amendment at Doc. 9 are identical in every respect to those stated at Doc. 10.  Therefore, the court's analysis covers the filings at both docket entries

1

Keyes (fnu), Kate Brubacher, Brian Vanorsby, and the administrative law judge ("ALJ"), David Page. (*Id*. at 7–9.) She contends that the Commissioner failed to properly oversee the agency; that Brubacher and Vanorsby caused an unidentified earlier case concerning her overpayments to be dismissed; that Keyes sent the letter directing that her benefits be withheld; and that the ALJ rendered the adverse benefits decisions that caused her harm. Invoking *Bivens*, § 1983, the Social Security Act, the Administrative Procedure Act ("APA"), and the Federal Tort Claims Act ("FTCA"), Plaintiff alleges that she pursued these grievances administratively including a hearing before the Office of Appellate Operations on August 12, 2024. She seeks $50,000 in damages, repayment of the garnished overpayments, repayment of the interest she has paid on her loans, and a request that the SSA stop "robbing" her. (*Id*. at 3–5.)

When a Plaintiff proceeds in forma pauperis, a court may screen the complaint under 28 U.S.C. § 1915(e)(2) to determine if it states a claim on which relief may be granted. The magistrate judge did so and entered an R&R on May 1, 2026, recommending that the complaint be dismissed for failure to state a claim pursuant to federal law. (Doc. 8.) Plaintiff timely objected and moved to amend her complaint. (Doc. 9.) The next day, Plaintiff filed multiple docket entries entitled "exhibits," that she appears to periodically reference in her objections. (Docs. 11, 12, 13, 14.)

## II.    Standard

On a dispositive matter the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop*., 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth

2

Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court . . .'").

Under provisions pertaining to IFP matters, "the court shall dismiss the case at any time if the court determines that–...(B) the action...(ii) fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To state a valid claim for relief, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations have no bearing upon the court's consideration. *Shero v. City of Grove, Okla*., 510 F.3d 1196, 1200 (10th Cir. 2007).

Because Plaintiff proceeds pro se, the court is to liberally construe her filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## III. Analysis

The court first addresses Plaintiff's objections and then proceeds to her motion to amend.

### A. Plaintiff's Objections to the R&R

Before turning to the merits, the court briefly addresses two of Plaintiff's procedural objections. Plaintiff first asserts that she never consented under 28 U.S.C. § 636(c)(1) to proceedings before a magistrate judge. (Doc. 9 at 1.) Consent under § 636(b)(1) is required only where a magistrate judge conducts all proceedings and enters final judgment in a case. The magistrate judge here proceeded properly under § 636(b)(1), issuing a recommendation that this

3

court—not the magistrate judge—reviews and acts upon.  No consent was required.  Plaintiff also questions whether the R&R is a final order because it closes with the words "it is so ordered," and she therefore alternatively moves under Fed. R. Civ. P. 59(e).  But the R&R is a recommendation, not a final judgment; the quoted language accompanies the magistrate judge's procedural directive staying service pending this court's review.  Because no judgment has been entered, Rule 59(e) has no application.  To the extent necessary, Plaintiff's procedural objections are overruled.

Magistrate Judge Gwynne Birzer's[2] R&R recommends dismissal of Plaintiff's complaint for failure to state a claim and failure to exhaust administrative remedies.  Plaintiff did timely file an objection; however, her objections fail to specifically address the R&R.  Rather, they attempt to add facts or assert new arguments.  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *United States v. Garfinkle*, 261 F.3d 1030, 1030–31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  Further, Plaintiff primarily restates her underlying grievances and merely asks the court to view them more favorably.  Even liberally construed, the court finds that nearly all of Plaintiff's objections do not constitute the specific, targeted challenges required to trigger de novo review.  *Williams*, 2019 WL 6167514 at *1.  Because Plaintiff's objections are re-presentations of facts already considered and rejected, rather than particularized legal challenges, the court reviews the R&R under the clearly erroneous or contrary to law standard.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *One Parcel of Real*

---

[2] Plaintiff requests that Magistrate Judge Birzer recuse herself on the basis that she recused herself in one of Plaintiff's prior cases.  *See Cahail et al. v. United States of America et al.*, Case no. 25-1016-JWB (D. Kan. 2025).  She provides no other grounds.  There are two statutes that govern judicial recusal: 28 U.S.C. §§ 144, 455.  Plaintiff fails to address either and otherwise provides no basis for recusal.  Moreover, the test for determining impartiality is an objective one, based on a judge's "outward manifestations and reasonable inferences drawn therefrom."  *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (citation omitted). Plaintiff fails to identify any outward manifestation, so her request is denied.

*Prop.*, 73 F.3d at 1060 (holding vague and general objections that merely rehash arguments already considered do not preserve issues for de novo review).  Accordingly, the court will not consider arguments or facts that Plaintiff asserts for the first time in her objections—including her extensive list of exhibits.  (Docs. 9, 10, 11, 12, 13, 14.)  The court proceeds to Plaintiff's claims.

The court finds no clear error in the magistrate judge's conclusion that Plaintiff failed to state a § 1983 claim.  (Doc. 8 at 4–6.)  Plaintiff alleges her rights were violated when the SSA garnished her wages due to overpayments.  (Doc. 1 at 3.)  To succeed on § 1983 claim, Plaintiff must show that Defendant "deprived [her] of a right secured by the Constitution and laws of the United States while . . . acting under color of state law."  *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989).  Plaintiff failed to allege how her constitutional rights were violated beyond conclusory allegations nor is there anything in the complaint to support a finding that any Defendant acted "under color of state law" rather than federal law.  Plaintiff appears to allege that every Defendant acted in a federal capacity, as they all are (at least tangentially) affiliated with her social security disability claims and with her alleged damages resulting from the garnishment of her Social Security payments.  (Doc. 1 at 9–13.)  Because her allegations only involve federal officials acting in their official capacities, this alone causes her § 1983 claims to fail.  But in any event, her general allegation and objections that she was deprived of her rights under color of law identifies no actions purportedly taken under color of law by any state actor and is conclusory. *Hall*, 935 F.2d at 1110 ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based.").  Plaintiff's § 1983 claims are thus dismissed.

The magistrate judge did not err in rejecting Plaintiff's *Bivens* theory.  Plaintiff did not object to the R&R's *Bivens* analysis.  Plaintiff raises constitutional tort claims for which she seeks

monetary damages.  At the outset, it is unclear under what theory Plaintiff brings her claims because they do not clarify whether Defendants are sued in their individual or official capacities. But because she seeks monetary damages against individuals, the court construes these claims as *Bivens* claims against the Defendants in their individual capacities.[3]  As the magistrate judge properly pointed out, the Supreme Court has declined to recognize a *Bivens* damages remedy for injuries arising out of the administration of Social Security benefits, reasoning that Congress has erected an elaborate remedial scheme that forecloses a judicially implied damages action in this context.  *See Schweiker v. Chilicky*, 487 U.S. 412, 424–29 (1988).  Plaintiff's principal objection is that *Schweiker* does not control because her case involves fraud and her son's health, making it "substantially different" from an ordinary dispute over money benefits.  (Doc. 9 at 4–5.)  Not so. *Schweiker* arose from allegations that the Government had unconstitutionally deprived claimants of disability benefits, yet the Supreme Court refused to imply a *Bivens* remedy—precisely because the statutory scheme reflects Congress's considered judgment about the relief available.  487 U.S. at 429 ("Congress is the body charged with making the inevitable compromises required in the design of a massive and complex welfare benefits program.").  Just because Plaintiff characterizes her injury as fraud, at bottom, her allegations stem solely from her belief that she was owed or should have had returned her monetary disability benefits following garnishment.  (Doc. 1 at 4.) Plaintiff's claims are principally for damages resulting from the alleged denial or reduction of her Social Security payments.  Claims of this sort are barred, despite whatever labels Plaintiff attempts to put on them.  *See Smith v. Comm'r, SSA*, No. 22-6115, 2023 WL 2945858, at *2 (10th Cir. Apr. 14, 2023) ("The district court was also correct that the Social Security Act provides the exclusive

---

[3] To the extent that the constitutional tort claims are asserted against the United States by suing the officials in their official capacity under the FTCA, the claims are still barred.  *See F.D.I.C. v. Meyer*, 510 US 471, 477–78 (1994) ("[T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims.").

remedy for the denial of social security benefits.") (citing *Mathews v. Eldridge*, 424 US 319, 327 (1976)).  The magistrate judge's analysis on Plaintiff's *Bivens* claims was sound.  Accordingly, they are dismissed.

The magistrate judge also correctly determined that Plaintiff failed to plead exhaustion of administrative remedies.  (Doc. 8 at 6–8.)  Judicial review of a benefits decision requires a "final decision" of the Commissioner, and exhaustion of the agency's sequential review process is a jurisdictional prerequisite under 42 U.S.C. § 405(g).  Here, Plaintiff's complaint alleged only that an ALJ denied her appeal, so the magistrate judge correctly found that no final decision was pleaded.  As to Plaintiff's objections that she reached the end of the administrative process when the Appeals Council denied review (Doc. 9 at 1), those allegations are raised for the first time in her objections and are therefore waived.  *Marshall*, 75 F.3d at 1426.  Lastly, as the magistrate judge properly points out, Plaintiff's claims under the APA and the FTCA require exhaustion of administrative remedies of which she fails to make any allegations.  (Doc. 8 at 8.)  So, to the extent they are not waived, Plaintiff's APA and FTCA claims are dismissed for failure to exhaust.

Having reviewed Plaintiff's filings, the court finds that her remaining objections merely restate the grievances the magistrate judge already considered and supply no basis to disturb the R&R.  The recommended disposition is neither clearly erroneous nor contrary to law—and would survive de novo review in any event.  The court therefore dismisses Plaintiff's complaint for failure to state a claim.  Plaintiff's request to stay this action pending an informal agency "review" of her overpayment (Doc. 9 at 6) is denied as moot in light of the dismissal.

### B.  Plaintiff's Motion to Amend

Recognizing the deficiencies in her complaint, Plaintiff has sought to amend it.  The court is cognizant of Plaintiff's pro se status and recognizes that courts generally ought to give pro se

plaintiffs a reasonable opportunity to amend unless the amendment would be futile. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Barnes v. Harris*, 783 F.3d 1185, 1197 (10th Cir. 2015) (quoting *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013)). The court determines futility under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Id.* at 643. Here, Plaintiff's only claims in her proposed complaint involve alleged mistakes made by the ALJ and the Appeals Council as part of her social security claims process and her requested relief asks this court to overrule or otherwise alter the ALJ and Appeals Council's decisions. (*See* Doc. 9-1 at 15 (asking the court to "[r]everse the final decision of the commissioner of Social Security" and alleging "[t]he commissioner's decision is not supported by substantial evidence"). This the court cannot do, rendering Plaintiff's proposed amendment futile.

Specifically, Plaintiff seeks review of the ALJ and Appeals Council's decisions, but there is a statutory procedure for seeking review of such decisions in this court. *See* 42 U.S.C. § 405(g). Among other things, a claimant is required to file a civil action in federal district court with 60 days of receipt of the decision, unless good cause is shown. 20 C.F.R. § 422.210(c) ("Any civil action . . . must be instituted within 60 days after the Appeals Council's notice"); *Weinberger v. Salfi*, 422 U.S. 749, 763 (1975) ("Section 405(g) specifies the following requirements for judicial review: . . . commencement of a civil action within 60 days after the mailing of notice of such decision."). Plaintiff does not argue good cause. Plaintiff does, however, allege that the Appeals Council's decision—which amounts to a final judgment—from which she seeks relief is dated August 12, 2024. (Doc. 9-1 at 4.) So, Plaintiff had until October 11, 2024 to appeal the decision. Her complaint was originally filed on July 14, 2025. (Doc. 1.) Therefore, despite Plaintiff's

8

proposed amended complaint relating back to the original (Fed. R. Civ. P. 15), her appeal would still be time-barred.

Plaintiff's vague assertion of newly discovered fraud does not warrant equitable tolling of the 60-day period. (Doc. 9 at 3.) "Equitable tolling effectively extends an otherwise discrete limitations period set by Congress." *Arellano v. McDonough*, 598 U.S. 1, 6 (2023) (internal quotations omitted). Such a remedy is only suitable in extraordinary circumstances. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). "The Tenth Circuit has generally recognized equitable tolling of such time limitations only when there has been a showing of active deception." *Thompson v. Wilkie*, 2018 WL 5281609, at *3 (D. Kan. Oct. 24, 2018) (citing *Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996)). Tolling requires that the litigant has diligently pursued her rights and that some extraordinary circumstance prevented a timely filing. Plaintiff's fraud allegations only bear on the merits of her underlying grievance, not on any impediment to filing suit within the timeframe, and she identifies no circumstance that prevented her from timely seeking review. The court therefore finds no basis to toll the limitations period. Accordingly, Plaintiff's motion to amend is denied.[4]

## IV.    Conclusion

THEREFORE, Plaintiff's objections to the R&R are OVERRULED (Doc. 9), her request to amend (Doc. 10) is DENIED, and this case is dismissed. Plaintiff's request to stay this action (Doc. 9) is DENIED AS MOOT. This case is closed.

IT IS SO ORDERED. Dated this 22nd day of July, 2026.

---

[4] In passing, Plaintiff's proposed amended complaint mentions the Due Process and Takings Clause of the Fifth Amendment as well as the Equal Protection Clause of the Fourteenth Amendment. (Doc. 9-1 at 1–2.) But Plaintiff's allegations wholly "fail[] to allege facts that would 'allow[ ] th[is] court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fields v. City of Tulsa*, 753 F.3d 1000, 1012–13 (10th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In fact, Plaintiff alleges no facts at all to support these constitutional claims. On its face, these claims fail to satisfy Rule 8's pleading requirements.

10

__s/ John W. Broomes_____
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE